IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1906.

---

### THE ATTORNEY-GENERAL, EX REL. CHARLES B. SMITH, v. ROBERT M. PETTY.

Argued February 21, 1906—Decided June 11, 1906.

1. The act of February 15th, 1905 (*Pamph. L.*, *p.* 14), which provides that thereafter in all towns, townships, boroughs and other municipalities of this state, all officers required to be elected therein at any municipal or charter election shall be voted for and elected on the first Tuesday after the first Monday in November, and that the term of office of all such officers shall thereafter commence on the first day of January next succeeding their election, not only repeals the provision of the Borough act which requires the mayor of such municipality to be elected on the second Tuesday of April, and that which fixes the Monday after his election as the commencement of his term of office, but also repeals, by implication, the provision of that act which requires him to take his oath of office within ten days after his election.

2. By virtue of the provision of the second section of the act of February 19th, 1906, relative to the official oaths of officers theretofore or thereafter elected or appointed, to office in any town, township, borough or other municipality of the state, a person who had been theretofore elected to office in any such municipality became entitled to occupy such office immediately upon the

333

statute taking effect, provided he had taken the oath of office prior to the commencement of his term.

3. As a general rule the rights of parties to an election are to be determined by the law as it exists at the time of the rendition of the judgment, and not at the time of the commencement of the action.

On information in the nature of *quo warranto*. Demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justice HENDRICKSON.

For the relator, *William H. Morrow* and *George M. Shipman*.

For the respondent, *Sylvester C. Smith*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This information is filed under the revised *Quo Warranto* act of 1903 (*Pamph. L., p.* 375), for the purpose of having it judicially determined whether the relator or the respondent is legally entitled to hold the office of mayor of the borough of Washington. It is averred in the information and admitted by the plea that the relator was duly elected to the office at the general election held in November last, and that the respondent, who was then the incumbent of the office, and who was a candidate for re-election, was defeated at that election. The plea sets out that the relator was required, as a prerequisite to his right to hold the office, to take and subscribe an oath, within ten days after his election, faithfully and impartially to discharge the duties thereof, and file the same within the prescribed period in the office of the borough clerk; that he failed to take, subscribe and file his official oath within the prescribed time, and neglected to do so until the 8th day of December. The plea then avers that the neglect of the relator to take, subscribe and file his official oath until more than a month after his election rendered the office vacant, and entitled the respondent, as the

incumbent of the office at the time when the vacancy occurred, to hold it until his successor should be chosen and should qualify.

The government of the borough of Washington is conducted under the provisions of the general act relating to boroughs. *Pamph L.* 1897, *p.* 285. By the second section of that act it is enacted that the mayor shall be elected by the people. By the fifth section it is enacted that the election shall be held on the second Tuesday of April, and that the borough clerk shall, within five days thereafter, set up, in three or more public places in the borough, a list containing, among others, the name of the person elected to the office of mayor, which shall be considered sufficient notice to such person of his election. The eighth section enacts that the mayor shall, within ten days after his election, and before entering upon the duties of his office, take an oath or affirmation faithfully and impartially to discharge the duties of his office, and file the same with the clerk of the borough, and that upon failure to do so, the office shall be deemed vacant. The fourth section enacts that the term of office of the mayor shall begin the next Monday after his election, and that he shall hold his office for the term of two years and until his successor shall have qualified.

By this legislative scheme, it will be perceived, it was probable that a person elected to the office of mayor would not receive official notice of his election before the last secular day preceding the time fixed by the statute for the beginning of his term of office. In order to provide for the contingency of his being prevented from taking his official oath between the time of receiving the notice and the commencement of the term for which he was elected, the legislature granted permission to him to qualify at any time within ten days after his election—in other words, at any time during the period intervening between his election and the beginning of his term, or within four days after the term should begin, but declared that he should not be entitled to the office if he permitted more than four days to elapse after his term began without qualifying.

This legislative scheme remained unchanged until the year 1905, and then the legislature, on the 15th day of February, passed an act providing that thereafter, in all towns, townships, boroughs and other municipalities of this state, all officers required to be elected therein at any municipal or charter election should be voted for and elected on the first Tuesday after the first Monday in November of each year, and that the term of office of all officers (except justices of the peace) thereafter elected in any town, township, borough or other municipality should commence at twelve o'clock noon on the first day of January next succeeding their election and continue for the respective terms then fixed by law. *Pamph. L.* 1905, *p.* 14. By this act the period of time intervening between the date of the election of the mayor of a borough and the beginning of his term of office was extended from six days to nearly two months.

The object of the ten-day limit within which the mayor-elect of a borough was required to qualify seems to have been twofold: First, to prevent the will of the people as expressed at the election from being thwarted by the failure of the person of their choice to qualify during the short time which might intervene between the receipt by him of the official notice of his election and the time when his term of office began to run, and second, to compel him to take up the burden of his office promptly after its term began to run, in case he should for any reason fail to qualify prior to the commencement thereof. The purposes which the ten-day limit were intended to accomplish no longer require the mayor-elect to qualify within the time therein specified. The will of the people is not thwarted, nor does the legislative intent that the person selected by them shall promptly enter upon the duties of his office fail, in case he takes and files his official oath prior to the time fixed by the law of 1905 for the commencement of his term. *Cessante ratione, cessat ipsa lex.* Having taken and filed his oath of office before the time fixed for the beginning of his term, the relator has a valid title to the office, the possession of which he seeks to recover by this

proceeding, and the respondent unlawfully holds the same against him.

We should have reached the same result, with relation to the respective rights of the parties to this litigation, even if we had not concluded that the effect of the act of 1905 was to expunge from the Borough act the provision requiring the taking of the official oath within ten days after election. By the second section of an act of the legislature, approved February 19th, 1906, entitled "An act relative to the official oaths of officers heretofore or that may hereafter be elected or appointed to office in the towns, townships, boroughs or other municipalities of this state" (*Pamph. L., p.* 13), it is enacted that any person theretofore elected or appointed to any office in any town, township, borough or other municipality of this state, who shall have, prior to the commencement of his term of office, taken and subscribed and filed with the clerk of such municipality in which he shall have been appointed or elected an oath or affirmation that he will faithfully and impartially discharge the duties of his office, shall be deemed to have fully and properly qualified as such officer, and shall be entitled to serve for the full term of the office to which he shall have been elected or appointed. By force of this act the relator was fully qualified to hold the office of mayor of Washington as soon as it received the approval of the governor on February 19th. The right of the respondent to hold the office after the term for which he was elected had expired was conferred upon him by the fourth section of the Borough act, which, as has already been stated, provides that the mayor shall hold office for the term of two years *and until his successor shall have qualified.* The act of 1906, when it qualified the relator for the office, *ipso facto* terminated the right of the respondent to longer remain in possession of it. It is suggested on behalf of the respondent that as this act was not passed by the legislature until after the institution of the present litigation, it cannot affect the rights of the parties to it, but the suggestion is without force. As a general rule, even in a litigation involving merely

private interests, the rights of parties are to be determined by the law as it exists at the time of the rendition of the judgment, not at the time of the commencement of the action. 26 *Am. & Eng. Encycl. L.* (*2d ed.*) 748, and cases cited. And this rule, we apprehend, is always to be applied when the question to be determined is one in which, as here, the rights of the public, rather than private interests, are involved.

The relator is entitled to judgment establishing his claim to the office of mayor of the borough of Washington and ousting the respondent.