THOMAS E. LUDLAM, RELATOR, v. JOSEPH DALLAS, RESPONDENT.

Submitted July 6, 1911—Decided November 13, 1911.

The phrase "other municipalities" contained in the title and body of "An act relative to the official oaths of officers heretofore or that may hereafter be elected or appointed to office in the towns, townships, boroughs and other municipalities of this state" (*Pamph. L.* 1906, *p.* 13), is sufficiently descriptive of cities to include them.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the demurrant, *Thompson & Smathers.*

For the relator, *Howard L. Miller.*

The opinion of the court was delivered by

VOORHEES, J.    To an information in the nature of a *quo warranto* setting out that the relator, Ludlam, was qualified for the office of councilman in Sea Isle City, incorporated under "An act relating to and providing for the government of cities of this state containing a population of less than twelve thousand inhabitants" (*Pamph. L.* 1899, *p.* 96), and at the general election in November, 1908, was elected councilman; that at the organization of council, on the 1st day of January, 1909, he took the oath of office and entered upon the exercise of the duties thereof, and was entitled to the enjoyment of such

office until January 1st, 1912; that on the 11th of November, 1910, the common council, without notice, passed a resolution vacating the office and elected the respondent, Dallas, to fill the vacancy, and claiming that Dallas went into office without any legal election, thus usurping and intruding into it; the respondent, Dallas, replied that by the above act of incorporation any person elected at an annual election, failing to qualify within twenty days after such election, the office should become vacant, and that every person elected or appointed to an office should, before entering upon their duties, take and subscribe an oath, and that the relator never subscribed an oath before any officer; that the relator merely swore by the uplifted hand, before the clerk, such act not being done until January 1st, 1909, more than twenty days after his election, and, consequently, the office became vacant.

For replication to this plea it is set out that before the commencement of the term of office, the relator subscribed and filed with the city clerk an oath, a copy of which is therein set forth, dated the 1st day of January, 1909. To the replication a demurrer has been interposed.

It is admitted that if the act of 1898, above cited, is still in force, the demurrer is good. *Anderson* v. *Myers, 48 Vroom* 186; *Douglass* v. *Freeholders, 9 Id.* 214. The relator relies upon an act entitled "An act relative to the official oaths of officers heretofore or that may hereafter be elected or appointed to office in the towns, townships, boroughs and other municipalities of this state." *Pamph. L.* 1906, *p.* 13.

This provides that the person elected to any office in any town or other municipality of this state shall, before entering upon the execution of the duties of his office, take and subscribe an oath.

The question is whether the title of the act and the body of it are sufficient to cover the appointment or election to a city office—that is, whether the words "other municipalities of this state" cover the case. *Smith* v. *Petty, 44 Vroom* 333, does not directly decide this point, but that a city is a municipality we think there can be no doubt.

In *Wright* v. *Campbell,* 45 *Vroom* 83, this court held that the words "other municipalities," contained in a similar title in the act of 1905, page 14, meant a like municipality to a town, township, &c.—that is, a municipality possessed of the same characteristics as towns, &c., the leading one being the power to hold an election by the people for offices. This case was affirmed (45 *Id.* 609), and the reasoning there indirectly leads to the conclusion that the phrase "other municipalities" is sufficiently descriptive of cities to include them.

The supplement of 1906, having changed the act under which Sea Isle City was chartered, by a repealer contained therein, of all inconsistent legislation, by making it no longer essential to file the qualifying oath within twenty days, as formerly, but providing that it now may be done at any time before entering upon the duties of the office, the demurrer must be overruled and the relator will have judgment.